WIGGINTON, Judge
(concurring specially) .
I concur without reservation in the majority opinion authored by Judge Spector. In addition, I would like to emphasize two points which are mentioned as a basis for the conclusion reached in Judge Spector’s opinion.
In construing F.S. Section 26.02(7), F. S.A., as amended by Section 4 of Chapter 72-404, Laws of Florida, Acts of 1972, it is of paramount importance that the legislative intent in the enactment of this law be *523 ascertained and effectuated. It is patently clear from the unambiguous language employed by the Legislature that it intended for each of the four counties of the Seventh Judicial Circuit to have the services of a resident circuit judge. The Legislature specifically directed that one of the nine circuit judges to hold office in the Seventh Judicial Circuit should reside in St. Johns County, one in Flagler, and one in Putnam County. It further provides that not less than three of the circuit judges serving in that circuit reside in Volusia County. The obvious purpose of this statute is to serve the needs of the people residing in each of the four counties of the circuit and to provide more expeditiously for the orderly administration of the laws and the court systems in those counties. In this connection, the citizens of the circuit have a right to know and be fully informed as to which candidates for circuit judge will be the resident circuit judge or judges of their county and which will be the resident circuit judge or judges of the other counties in the circuit.
Under the straight numerical grouping of candidates in groups from one through seven as adopted by respondent Secretary of State, it is impossible for the citizens of any of the four counties in the circuit to know which candidate will serve as the resident circuit judge of their county after assuming office following the election. Under this system of grouping, seven candidates will be elected to the office of circuit judge of the Seventh Judicial Circuit. After the election, each elected judge is just as privileged as is any other elected judge to choose the county in which he desires to reside during the term of his office. Such a situation could result in an insoluble dilemma if a disproportionate number of circuit judges of a circuit chose to reside in one of the counties composing the circuit and none of the seven judges was willing to move to and reside in one or more of the remaining counties of the circuit. We are not aware of any law which vests in any court or other public official the authority to designate the county in which the elected judges of the Seventh Judicial Circuit may be required to-reside during the tenure of their office. Certainly the Supreme Court possesses no such power either under its authority to assign judges conferred by Article V, Section 2, of the State Constitution, or by F.S. Section 26.43, F.S.A. Likewise, the presiding judge of the circuit lacks such power under the authority to assign judges of his circuit as conferred by F.S. Section 43.26, F.S.A. Because of the foregoing reasons, we have deemed it imperative that the respondent herein so arrange and identify the various groups in which candidates may qualify for the seven offices of circuit judge of the Seventh Judicial Circuit to be elected at the ensuing election that the citizens of that circuit may be informed as to which candidate, if elected, will be the resident circuit judge of his county, and which will be candidates at large to reside in any of the four counties of the circuit which he desires. Having failed to perform this ministerial act, we find no escape from the responsibility of directing that it be done in the manner set forth in the majority opinion.